IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETTY SOUTHERN | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 7681 |
| GOLDEN GATE AUTO SALES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Betty Southern ("Southern") has filed a complaint against defendants Golden Gate Auto Sales ("Golden Gate") and Stick Towing. The complaint arises out of Golden Gate's repossession and continued possession of a vehicle sold to Southern. Southern claims that Golden Gate's actions violated the Equal Credit Opportunity Act (ECOA), the Illinois Consumer Fraud Act ("ICFA"), and other laws. Southern has filed a motion for summary judgment on the ICFA claim. Golden Gate has filed a motion for summary judgment on the ECOA claim, a conversion claim, and a claim under the Illinois Commercial Code. I grant partial summary judgment for Golden Gate on the ECOA claim and reserve judgment on all other claims pending further briefing.

I.

The following facts are undisputed by the parties. On October 1, 2003, Southern purchased a used 1992 Pontiac Transport from Golden Gate. Golden Gate is an Illinois corporation in the business of selling used automobiles to the public. The base price of the vehicle was $2,995 and the total paid by Southern, including tax, title and fees, was $3,426. Southern made a down payment, executed a bill of sale, and received an invoice. Southern left Golden Gate with an unpaid balance of $1,726, which was to be paid in bi-weekly installments of $125.

The following April, Golden Gate repossessed Southern's car after she had missed at least two payments. Southern went to Golden Gate to inquire why her vehicle had been repossessed. The salesman who sold the vehicle to Southern informed her that she still owed $900 on the vehicle and that she now owed additional repossession fees.[1] Southern left the dealership and returned later that day with a payment of $900. The salesman returned the car to Southern and informed her that she would be able to pay the repossession fees on an installment basis.

---

[1] Golden Gate asserts that the repossession fees owed totaled $300. Southern asserts that she was told that she owed $576 in repossession fees.

2

The events transpiring after Southern reclaimed her vehicle remain in dispute. Southern alleges that in May, 2004, Golden Gate again repossessed her vehicle and told her she would be required to pay fees totaling $650. Golden Gate asserts that Southern voluntarily brought the vehicle to Golden Gate for repair. According to Golden Gate, repairs were done on the vehicle costing $350 and Southern then owed a total of $650 to Golden Gate at that point. Since that time, Southern has not made any additional payment and Golden Gate continues to possess the vehicle.

II.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Generally, the party moving for summary judgment bears the burden of demonstrating no issue of material fact exists; however, that burden may be met by pointing to an absence of evidence supporting the nonmoving party's case.

*Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

### III.

Southern presents two different claims under the ECOA: 1) a claim that Golden Gate failed to comply with 15 U.S.C. § 1691(d), which requires a creditor to provide notice to a credit applicant of any adverse action taken against the applicant; and 2) a claim that Golden Gate discriminated against Southern in the credit transaction because of her race and sex.

I turn first to Southern's claim based upon Golden Gate's failure to provide her notice of an adverse action. Section 1691(d)(2) of the ECOA requires that notice be given to "each applicant against whom adverse action is taken" by a creditor. Therefore notice is only required if conduct that constitutes an adverse action is taken against an applicant. The statute defines an adverse action as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." § 1691(d)(6). The Federal Reserve Board's regulations expand further on the meaning of "adverse

4

action." *See* 12 C.F.R. § 202.2(c)(1),(2). Section 202.2(c)(1) of the regulations provides a list of actions that are to be characterized as adverse actions and § 202.2(c)(2) provides a list of actions that are not to be characterized as such. Specifically, § 202.2(c)(2)(ii) states that "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account" is not to be considered an adverse action. Additionally, § 202.2(c)(3) states that an action that falls under either both the definition of an adverse action in paragraph (c)(1) and the definition of a non-adverse action in paragraph (c)(2) is not considered an adverse action under the ECOA. § 202.2(c)(3) ("an action that falls within the definition of both paragraphs (c)(1) and (c)(2) of this section is governed by paragraph (c)(2) of this section").

Southern argues that Golden Gate is not entitled to summary judgment on this claim because "Defendant has never provided Plaintiff with an adverse action notice of specific reasons, verbal or otherwise with respect to the current dispossession of the vehicle" and that "there is a factual dispute about . . . whether those reasons were communicated to Plaintiff." Golden Gate's actions in repossessing and

5

continuing to hold Southern's vehicle do not, however, constitute an "adverse action" under the ECOA. The undisputed record shows that Southern missed at least two payments and that this delinquency triggered Golden Gate's initial repossession of her vehicle. Thus the repossession and any continued action against the vehicle was taken "in connection with" Southern's delinquency. § 202.2 (c)(2)(ii); See also Love v. O'Connor Chevrolet, Inc., 2006 U.S. Dist. LEXIS 52612, at *12 (N.D. Ill. July 11, 2006) ("[I]t is the refusal to grant credit — not repossession — that triggers the obligation under ECOA to send an adverse action notice."). Furthermore, even if Southern were to argue that the repossession of her vehicle constituted a revocation of her credit, § 202.2 (3) is clear that an action that falls under both the definitions of an adverse action and a non-adverse actions to be considered an non-adverse action.

Since Golden Gate did not take any adverse action against Southern, it had no duty to provide notice to Southern. Therefore, I grant Golden Gate's motion for summary judgment on Southern's ECOA notice claim.

Turning to Golden Gate's ECOA discrimination claim, Southern only argues that Golden Gate did not move for summary judgment on this claim and that she therefore has no

obligation to respond. It is unclear from Golden Gate's motion whether it was attempting to move for summary judgment on the ECOA discrimination claim. At any rate, its brief in support of summary judgment contains no devleoped argument on the discrimination claim. It is therefore denied.

IV.

The remaining claims are state claims which turn on the factual question of whether Golden Gate had a valid and enforceable security interest in Southern's vehicle. Both parties' factual assertions regarding Golden Gate's security interest (or lack thereof) are unsupported by their cites to the record and there remain many unanswered questions

regarding Golden Gate's security interest.[2]  Summary judgment on these claims is therefore denied.

### Conclusion

For the reasons stated in this opinion, Southern's motion for summary judgment is denied.  Golden Gate Auto Sales' motion for partial summary judgment is granted in part.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: December 5, 2006

---

[2] For example, on the one hand, Golden Gate cites nothing in the evidentiary record in support of its assertion that a valid and enforceable security interest existed.  On the other hand, Southern cites only a single side of the bill of sale and Golden Gate's answer to a broadly-worded interrogatory which is silent on the issue of security interests in support of her assertion that Golden Gate never had a valid security interest in the vehicle.

Additionally, both parties spend considerable time speculating as to whether the backside of the bill of sale and the invoice for the vehicle disclosed a valid and enforceable security interest.  Neither party, however, has produced these documents or provided any admissible testimony regarding their contents.

8